IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-44-FL
NO. 5:09-CV-299-FL

| | |
|---|---|
| LARRY THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the court on the government's motion for summary judgment on the claims raised in *pro se* petitioner's motion to vacate, set aside, or correct his sentence filed pursuant 28 U.S.C. § 2255 ("Motion to Vacate") (DE-206)[1]. Petitioner has responded to this motion (DE-221) and the matter is now ripe for adjudication. For the following reasons, it is **HEREBY RECOMMENDED** that the government's motion for summary judgment (DE-206) be **GRANTED** and that Petitioner's Motion to Vacate be **DENIED.**

## I. Background

Petitioner plead guilty pursuant to a signed memorandum of plea agreement filed on January 11, 2008 to a single count of conspiracy to distribute and possess with the intent to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. § 846. The memorandum of plea agreement states in pertinent part that:

---

[1]Docket entry numbers correspond to case number 5:07-CR-44-FL.

> [t]his [m]emorandum constitutes the full and complete record of the [p]lea agreement . . . [d]efendant agrees: [t]o plead guilty to [c]ount [o]ne of the [i]ndictment herein . . . [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory [g]uideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory [g]uideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the [d]efendant at the time of the [d]efendant's guilty plea . . . .

(DE-154, pg. 1-9).

On November 3, 2008, petitioner was sentenced to a 231 month term of imprisonment (DE-187). Petitioner did not appeal his conviction. Petitioner's motion to vacate, set aside, or correct his sentence was timely filed on July 24, 2009 (DE-195).

## II. Discussion

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted:

> against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
> Celotex Corporation v. Catrett, 477 U.S.317, 322-323 (1986)

"[S]ummary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 317; Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Specifically, the moving party bears the burden of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

2

affidavits" that the moving party believes demonstrate an absence of any genuine issues of material fact. Celotex, 477 U.S. at 323. Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue which requires trial. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). As a general rule, the non-movant must respond to a motion for summary judgment with affidavits, or other verified evidence, rather than relying on his complaint or other pleadings. Celotex, 477 U.S. at 324. *See also*, Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

In the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. Anderson, 477 U.S. at 255. It is well-established that any analysis of the propriety of summary judgment must focus on both the materiality and genuineness of the fact issues. Ross, 759 F.2d at 364. The mere existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment. Anderson, 477 U.S. at 247-48. A fact is material only when its resolution affects the outcome of the case. Id. at 248. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

Petitioner asserts that he received ineffective assistance of counsel.

> To prove ineffective assistance of counsel, a petitioner must satisfy the familiar requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). The petitioner must initially prove that his counsel's performance was objectively unreasonable. In undertaking this inquiry, [j]udicial scrutiny of counsel's performance must be highly deferential . . . The petitioner must also demonstrate that prejudice resulted from counsel's errors. To establish prejudice, he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Campbell v. Polk, 447 F.3d 270, 279 (4th Cir. 2006) (internal citations omitted) (internal quotation marks omitted).

Specifically, petitioner claims that his counsel failed to advise him of his right to appeal. (DE-195, pg. 4). Petitioner's claim is without merit. It is clear from the record that petitioner's counsel discussed the charges and evidence against petitioner as well as each paragraph of the plea agreement. In particular, each term of the plea agreement including the waivers were discussed with petitioner. Moreover, at petitioner's plea hearing, the court informed petitioner that he was waiving his appellate rights and inquired as to his understanding of these waivers:

> The Court: All right. Do you understand each one of you has agreed to waive very valuable rights to appeal the sentence imposed by the Court? Do you understand . . . that these waivers are in your plea agreement?
>
> . . .
>
> Do you understand?
>
> [petitioner]: Yes, your Honor.
>
> (DE-204, pg. 27).

Petitioner further testified that he was 50 years old and had completed a GED (DE-204, pg. 16). In addition, petitioner stated that about once a month he sought medical treatment from a physician for pain and anxiety, and that he took hydrocodone for pain and xanax for anxiety (DE-204, pg. 16-17). Petitioner admitted taking these drugs in the last 24 hours, but testified that the medication did not make it hard for him to hear or understand what he heard (DE-204, p. 17). Moreover, petitioner stated that he was satisfied with his attorney's services and that he understood the court's explanation of the sentencing process (DE-204, pg. 19-23). Similarly, petitioner testified that he read and understood the terms of his plea agreement and had discussed the plea agreement with his attorney (DE-204, pg. 25-26). Finally, petitioner testified that he had truthfully answered all of the Court's questions (DE-204, pg. 29). In sum, petitioner knew that the appellate waivers

4

were included in the plea agreement. Counsel, as well as the Court, informed petitioner of the rights he was waiving. The undersigned finds that the record fully establishes petitioner knowingly waived his right to appeal. Under such circumstances, petitioner is not entitled to relief. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (the solemn declarations made by a criminal defendant at plea proceedings carry a strong presumption of verity and constitute a formidable barrier against any subsequent collateral proceedings). As such, the government is entitled to summary judgment on this ground.

In his remaining claims, petitioner alleges that the plea agreement was not a valid contract and there were errors in the sentencing process and point calculation. Claims, such as these, that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). Petitioner did not file a direct appeal in the underlying criminal case and, thus, has procedurally defaulted on these claims. Nonetheless, petitioner contends that his failure to file a direct appeal is excused because he unknowingly waived his right to appeal. That contention, as discussed *supra*., is without merit. Thus, petitioner has procedurally defaulted on his remaining claims, and has no basis for relief. Accordingly, the government is entitled to summary judgment on these claims as well.

## III. Conclusion

For the aforementioned reasons, it is **HEREBY RECOMMENDED** that the government's motion for summary judgment (DE-206) be **GRANTED** and that petitioner's Motion to Vacate be **DENIED.**

**SO RECOMMENDED** in Chambers at Raleigh, North Carolina this 14th day of May, 2010.

_____
William A. Webb
U.S. Magistrate Judge