IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-44-FL-3
NO. 5:09-CV-299-FL

| | | |
|---|---|---|
| LARRY THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE ## 189, 195), and respondent's motion for summary judgment (DE # 206).[1] Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE # 222) in which he recommends that respondent's motion for summary judgment be granted, and that petitioner's § 2255 petition be denied. Petitioner timely objected to the M&R, and respondent timely filed response to those objections. In this posture, the matter is ripe for ruling. For the reasons that follow, the court adopts in full the findings and conclusions of the magistrate judge and denies petitioner's § 2255 motion.

---

[1] Petitioner has also filed a motion for leave to file clarification and expansion of previous § 2255 motion (DE # 202) and motion to amend or clarify his previous § 2255 motion (DE # 209). For good cause shown, these motions are granted and the court will consider the § 2255 petitioner as supplemented.

1

## STATEMENT OF THE CASE

Pursuant to a written plea agreement, petitioner entered a plea of guilty on January 11, 2008, to a single count of conspiracy to distribute and possess with the intent to distribute more than one thousand (1,000) kilograms of marijuana in violation of 21 U.S.C. § 846. Petitioner's plea agreement contained a waiver of appellate rights. On November 3, 2008, this court sentenced petitioner to a two hundred thirty-one (231) month term of imprisonment.

Petitioner filed this § 2255 petition on July 1, 2009. Petitioner asserts that he received ineffective assistance of counsel, that his plea agreement is not a valid contract, and that the court erred in calculating his sentence. Petitioner also contends that his plea agreement did not meet the requirements of Federal Rule of Criminal Procedure 11. Respondent filed its motion for summary judgment on October 22, 2009, to which petitioner responded.

On April 22, 2010, the court referred the matter to the magistrate judge. On May 15, 2010, the magistrate judge issued an M&R, finding that petitioner's claims are without merit, and recommended that petitioner's § 2255 petition be dismissed. On June 11, 2010, petitioner filed objections. After respondent filed a response to petitioner's objection, petitioner filed a supplemental response in support of his objections.

## DISCUSSION

A    Standard of Review

Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, which requires a petitioner asserting constitutional error to prove that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C.

§ 2255(a). In such a proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Respondent filed a motion for summary judgment. Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4(b). The court makes a *de novo* determination of those portions of the M&R to which a party has filed specific objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

3

B.   Analysis

   1.   Ineffective Assistance of Counsel

Petitioner objects to the magistrate judge's recommendation that his ineffective assistance of counsel claims be denied. Generally, a claim of ineffective assistance of counsel is resolved by application of the two-part analysis announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must demonstrate that his counsel's acts or omissions fell outside the range of reasonably competent assistance. Id. at 690. If petitioner establishes that his counsel's performance fell outside the acceptable range, he must then satisfy Strickland's second prong by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Where, as here, petitioner alleges ineffective assistance of counsel following the entry of a guilty plea, he must show that he would not have pleaded guilty and would have insisted on going to trial but for counsel's errors. See Hill v. Lockart, 474 U.S. 52, 53-59 (1975); Hooper v. Garraghty, 845, F.2d 471, 475 (4th Cir. 1988).

   a.   Failure to Advise of Appellate Rights

In this case, petitioner alleges that his counsel was ineffective because he failed to advise him of his right to appeal. However, the evidence in the record belies petitioner's claim. For instance, petitioner's signed plea agreement specifically discussed his appeal waiver.[2] Additionally, the court informed petitioner at his Rule 11 hearing that he was waiving his right to appeal and asked him

---

[2] Petitioner's plea agreement provided as follows: "The Defendant agrees: To waive knowingly and expressly all rights conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not know to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law."

4

whether he understood the waiver, and petitioner responded in the affirmative. Tr. 27. Finally, petitioner's counsel sent petitioner various correspondence regarding his appellate rights, including the paperwork to file a notice of appeal. Resp.'s Mem. Ex. 2. This evidence demonstrates that petitioner was advised of his appellate rights and that he knowingly waived them.

      b.      Failure to Challenge Errors in Sentence Calculation

Petitioner asserts that his counsel was ineffective because he failed to object to the calculation of his criminal history score, and that he did not object to the fact that his criminal behavior went beyond the statue of limitations. However, petitioner does not identify any specific, meritorious objection that his attorney should have raised but did not. Indeed, the evidence in the record established that petitioner's counsel made numerous objections to the calculation of petitioner's criminal history score. Accordingly, plaintiff has demonstrated neither prejudice nor objectively unreasonable and unprofessional conduct by his attorney.

      c.      Counsel's Misrepresentations

Petitioner also alleges that his counsel was ineffective because he told petitioner that he would get a sentence of no more than ten (10) years imprisonment and instructed him to accept the plea agreement because his counsel could not defend him. Petitioner contends that his counsel instructed him to deny that he was taking any medications when he was in fact prescribed both oxycodone and xanax. Additionally, petitioner alleges that he was not given a copy of his superceding indictment by his counsel. Finally, petitioner alleges that he did not read or receive a copy of his plea agreement.

Generally, "[t]he representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier

in any subsequent collateral proceedings." Blacklege v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbrook, 731 F.2d 238, 240 (4th Cir. 1984). In the absence of "extraordinary circumstances," a district court should dismiss, without a hearing, "any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made during a Rule 11 plea colloquy. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Each of plaintiff's assertions above contradict his statements at the Rule 11 plea colloquy, and petitioner has not demonstrated extraordinary circumstances necessary to demonstrate that his guilty plea was not knowing and voluntary.[3] Accordingly, petitioner's in-court representations are deemed conclusive, and the plea is found to have been knowingly and voluntarily entered with the advice of competent counsel. Thus, the court finds that petitioner is unable to establish the objective prong of the Strickland test.

Based upon the foregoing, the court finds that petitioner has not demonstrated that he received ineffective assistance of counsel with respect to any of the arguments raised in his § 2255 petition. As such, the court ADOPTS the findings and recommendations of the magistrate judge in full with respect to petitioner's ineffective assistance of counsel challenges.

---

[3] Petitioner testified at the plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charges, each element of the offenses, as well as possible defenses. Petitioner testified that he discussed the plea agreement with his attorney before signing the agreement. See Tr. 25-26. Petitioner testified that he was satisfied with his attorney's services, and that he was entering his plea of his own free will without any undue outside influence. He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. Petitioner's acknowledged under oath that he understood that he faced a penalty of no less than ten years and as much as life imprisonment. See id. at 21-22. Petitioner also acknowledged that he received a copy of the superseding indictment. See id. at 18. Additionally, petitioner testified that he was satisfied with the assistance of his attorney. See id. at 19-20. Finally, petitioner testified at his Rule 11 hearing that he was under a doctor's care for pain and anxiety and that he had taken the prescription medications hydrocone and xanax within twenty-four (24) hours preceding his Rule 11 hearing. See id. at 16-17. After listening to petitioner's responses to the guilty plea colloquy in open court and observing petitioner's demeanor, this court found as a fact that petitioner was competent to stand trial. The record also reveals that there was a factual basis for petitioner's plea.

Petitioner appears to argue in his supplement submitted on September 29, 2009, that his plea is invalid because he was not present at his Rule 11 hearing. However, the transcript of petitioner's Rule 11 hearing demonstrates otherwise. Additionally, although there is a discrepancy with the date attributed to the court's acceptance of the plea agreement, this is merely a clerical error as the court accepted petitioner's plea on the date of the Rule 11 hearing.

### 2. Remaining Claims

In addition to his ineffective assistance of counsel claims, petitioner alleges that his plea agreement was not a valid contract and that there were errors in the sentencing process and point calculation. The magistrate judge recommends that these claims be denied because he failed to raise them on direct review and procedurally defaulted them.

A collateral attack under § 2255 may not substitute for an appeal. "A claim raised for the first time in a § 2255 motion generally is not cognizable in federal court unless the petitioner demonstrates 'both (1) cause excusing his procedural default, and (2) actual prejudice resulting from the errors of which he complains.'" United States v. Landrum, 93 F.3d 122, 124-25 (4th Cir. 1996) (quoting United States v. Frady, 456 U.S. 152, 167-68 (1982)). Alternately, a petitioner must demonstrate that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999).

Cause for a procedural default can arise only from "something external to the defense," such as the novelty of the claim or ineffective assistance of counsel Id. To establish prejudice, a defendant must demonstrate that the error worked to his "actual and substantial disadvantage," rather than merely created a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Bousley v. United States, 523 U.S. 614, 621-22 (1998) (quoting Reed v. Farley, 512 U.S. 339, 354 (1994)) (citations omitted).

Petitioner alleges that he is able to establish cause for his procedural default because he unknowingly waived his right to appeal. As previously discussed, the undisputed evidence of record conclusively establishes that petitioner knowingly waived his right to appeal. Nor has petitioner

7

demonstrated prejudice. Because petitioner has demonstrated neither cause nor prejudice with respect to these claims, the court concludes that they are procedurally defaulted and not subject to habeas review. Accordingly, the court ADOPTS the findings and recommendations of the magistrate judge in full as to these claims.

C.     Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the court GRANTS petitioner's motion for leave to file clarification and expansion of previous § 2255 motion (DE # 202) and motion to amend or clarify his previous § 2255 motion (DE # 209). The court ADOPTS as its own the magistrate judge's analysis and recommendation on the merits (DE # 222). Respondent's motion for summary judgment (DE # 206) is GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 189, 195) is DENIED. The court also DENIES the certificate of appealability. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 6th day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge